Curia, per O’Neall, J.
In these cases the verdicts must stand.
In the case of Poag, administrator, vs. Carroll, this Court held that the executor was not liable in trover for an act done under and in pursuance.of the will, while the probate remained; for the reason that his act was, when done, lawful; and that the subsequent revocation of his authority could not change its character.
In these cases the defence of the defendants must rest on the title. For in Black’s case he sold the slave and received the proceeds, and in Miller’s case she was in possession after a demand and refusal. In each, the conversion is perfect; and then the question is, was that conversion lawful or unlawful ? If the property was that of another, the conversion was, as to him, unlawful. There can be no question, that on the probate of the will being set aside, the property of the deceased vested in the administrator, and he could recover it from any one in whose hands it might be, or the-value of it from any one who had sold it. It is in vain to say that the legatees under the will received it from the executor; his delivery to them at the time was lawful, and discharged him ; but having no title himself, it follows that he could, not clothe the legatees with any. The defence of a purchaser for valuable consideration, without notice, is an equitable, not a legal one. It can never prevail against a perfect legal title. ' „
The statute of limitations cannot help the defendants, according to the case of Hill vs. Elmore, 2 Bail. 495, and Geiger vs. Brown, 4 McC. 423; the statute could only commence to run from the grant of administration. It is only from the accrual of a right of action, that the statute will *14 commence to run. The plaintiff’s right of action could not have existed before the date of his letters of administration, which constitute his title to demand the possession of his intestate’s goods. The motions are dismissed.